UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

CIVIL ACTION NO.: 5:16-cv-411

| | |
|---|---|
| ARTISAN JEWELERS, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) **JURY TRIAL DEMANDED** |
| VERRAGIO, LTD. | ) ) ) |
| Defendant. | ) ) ) ) |

## COMPLAINT

The Plaintiff, Artisan Jewelers, Inc. ("Artisan Jewelers"), for its Complaint against the Defendant, Verragio, Ltd. ("Verragio"), allege and state:

## THE PARTIES

1. Plaintiff Artisan Jewelers is a company incorporated under the laws of North Carolina with a place of business at 1105 Walnut St., Suite G139A, Cary, North Carolina, 27511.

2. On information and belief, Defendant Verragio is a company organized and existing under the laws of New York with its principal place of business at 123 West 36th St., New York, New York, 10018. On information and belief, Verragio is doing business related to the claims asserted in this complaint in this judicial District.

## JURISDICTION AND VENUE

3. This action arises under the copyright laws of the United States, 17 U.S.C. § 101 *et seq*.

4. This Court has subject matter jurisdiction over this Complaint pursuant to 28 U.S.C. §§ 1331, 1332, 1338, 1367.

5. This Court has specific personal jurisdiction over Verragio because Verragio has availed itself of North Carolina's market by selling its goods in this State and by directing a cease-and-desist letter at a company incorporated and doing business in this State.

6. This Court has general personal jurisdiction over Verragio because Verragio has purposefully availed itself of the privilege of conducting activities and doing business in the State of North Carolina and in this District, thus invoking the benefits and protections of North Carolina's laws, by advertising, distributing and selling products to consumers throughout this District and North Carolina. This Court also has personal jurisdiction over Verragio because its contacts with North Carolina have been continuous and systematic such that general jurisdiction may be asserted against it.

7. There exists an actual controversy between the parties and the Court has subject matter jurisdiction over the declaratory judgment count of this Complaint pursuant to 28 U.S.C. §§ 2201, 2202.

8. Venue in this district is proper pursuant to 28 U.S.C. §§ 1391 and 1400, because Artisan Jewelers resides in this district and the acts leading to this Complaint originated in this District.

## FACTS RELEVANT TO ALL COUNTS

9. Artisan Jewelers is a jewelry design and retail store specializing in custom made jewelry.

10. Amongst other designs, Artisan Jewelers designs and sells rings.

11. Artisan Jewelers showed six rings on its Instagram feed in February of 2016.

12. Artisan Jewelers did not design create or make the rings shown on its Instagram feed, but received them from a vendor.

13. On information and belief, Verragio or its counsel acting on Verragio's behalf or at its direction, engaged a third party to purchase one of the rings mentioned in the Instagram feed under the false pretense that he was purchasing the ring with no diamond because he claimed he had a diamond from his alleged girlfriend's grandmother that they were planning to use. On information and belief, Plaintiff, through its counsel and hired third party, purchased one of the rings shown in the Instagram feed.

14. On information and belief, none of the rings posted in the Instagram feed were sold to the public.

15. On March 7, 2016, Verragio, through counsel, sent a letter to Artisan Jewelers stating, among other things, that it believed that Artisan Jewelers, "without Verragio's permission, [was] selling and offering for sale rings which are substantially similar to Verragio's copyrighted ring designs"; that "Artisan's actions constitute, among other things, copyright infringement under 17 U.S.C. section 501"; and that "[w]hen Verragio proves that the infringements of its registered copyrights were willful, the court has discretion to increase the award of statutory damages up to $150,000 for each copyright that has been infringed."

16. Following the communication with Verragio, Artisan Jewelers removed the Instagram posts and stopped offering the rings for sale.

17. Artisan Jewelers, through counsel, denied that the Instagram posts constituted infringement of Verragio's copyrights.

**COUNT I – DECLARATORY JUDGMENT THAT ARTISAN JEWELERS, INC. HAS NOT COMMITTED COPYRIGHT INFRINGEMENT**

18. Paragraphs 1-17 of this Complaint are realleged and incorporated herein by reference.

19. This is an action for a declaratory judgment of non-infringement of Verragio's copyrights and further relief against Verragio pursuant to 28 U.S.C. §§ 2201 and 2202.

20. An actual controversy exists between Verragio and Artisan Jewelers with respect to Verragio's claims of copyright infringement.

21. Specifically, Verragio claims that Artisan Jewelers' inclusion of six ring designs on Instagram infringes four of Verragio's copyrights.

22. Artisan Jewelers contends that the mere showing of the rings did not infringe Verragio's copyrights because a mere offer to sell by showing an image of a ring on Instagram (a) does not constitute publication under the Copyright Act and (b) does not constitute distribution under the Copyright Act.

23. The rings that were the subject of the designs were not sold to any members of the public.

24. Nevertheless, Verragio has accused Artisan Jewelers of violating the Copyright Act.

25. Verragio's claims of infringement and threatened litigation pose a threat to Artisan Jewelers business.

26. Artisan Jewelers has no adequate remedy at law and therefore seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201–02 that Artisan Jewelers has not infringed any of Verragio's copyrights.

WHEREFORE, the Plaintiff, Artisan Jewelers, respectfully request the Court to enter a declaratory judgment in its favor and against the Defendant, Verragio, declaring:

(a)     that Artisan Jewelers has not committed copyright infringement

And:

(b) that Artisan Jewelers be awarded all other just and proper relief.

Respectfully submitted this 17th day of June, 2016.

/s/ Christopher M. Thomas
Christopher M. Thomas
N.C. Bar No. 31834
christhomas@parkerpoe.com
Catherine R.L. Lawson
N.C. Bar No. 44575
catherinelawson@parkerpoe.com
PARKER, POE, ADAMS & BERNSTEIN, LLP
301 Fayetteville Street, Suite 1400
P.O. Box 389
Raleigh, North Carolina 27602-0389
Telephone: 919-828-0564
Facsimile: 919-834-4564